

# Fourth Court of Appeals
## San Antonio, Texas

April 17, 2020

No. 04-18-00865-CV

**IN RE THE COMMITMENT OF M.A.C.**

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI23282
Honorable Catherine Torres-Stahl, Judge Presiding

# O R D E R

On July 17, 2019, we abated this *Anders* appeal to the trial court for appointment of new counsel to prepare and file an appellant's brief on the merits. A supplemental clerk's record containing the trial court's order appointing Ms. Judith Wemmert as new appellate counsel was filed. On August 23, 2019, we reinstated the case and ordered appellant's brief due on or before September 23, 2019. Thereafter, we issued several orders directing Ms. Wemmert to file appellant's brief. By January 9, 2020, Ms. Wemmert had failed to file appellant's brief, and we abated the case to the trial court for a hearing to determine if new appellate counsel should be appointed and to consider whether sanctions should be imposed against Ms. Wemmert for failing to timely file appellant's brief.

On February 13, 2020, we received a supplemental clerk's record containing the trial court's findings that appellant desires to prosecute his appeal and is indigent, that appellant wants to have his court-appointed attorney Ms. Wemmert continue to represent him on appeal, and that Ms. Wemmert has not abandoned the appeal. The trial court recommended that we not sanction Ms. Wemmert. On February 20, 2020, we ordered the appeal reinstated on our docket. We ordered appellant's brief due on March 20, 2020, and we did not impose sanctions at that time.

By April 1, 2020, Ms. Wemmert had not filed appellant's brief, and we ordered her to file appellant's brief no later than April 10, 2020, along with a reasonable explanation for failing to timely file appellant's brief. To date, Ms. Wemmert has not filed appellant's brief or a response.

Accordingly, pursuant to Rule 38.8(a)(2) of the Texas Rules of Appellate Procedure, we abate this case to the trial court and ORDER the trial court to conduct a hearing on the record to answer the following questions on the record:

(1) Does appellant desire to prosecute his appeal?

(2) Is appellant indigent?  **If appellant is indigent and desires to prosecute his appeal, the trial court shall appoint new counsel to assure the effective assistance of counsel.**

(3) Has appointed counsel abandoned the appeal?  **Because sanctions may be necessary, the trial court shall address this issue on the record even when new counsel is retained or substituted.**

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from the appellant. The trial court shall, however, order Ms. Wemmert to be present at the hearing to be conducted on the record.  **The trial court must make appropriate findings, recommendations, and orders and have a supplemental clerk's record and reporter's record prepared.**  The trial court is ORDERED to file supplemental clerk's and reporter's records in this court, no later than **May 20, 2020**, which shall include: (1) a transcription of the hearing and copies of any documentary evidence admitted, (2) written findings of fact and conclusions of law, (3) recommendations addressing the above enumerated questions, and (4) any orders appointing or substituting counsel.  All appellate filing dates are ABATED pending further orders from this court.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 17th day of April, 2020.

_____
Michael A. Cruz,
Clerk of Court